WILLIAM JOHNSON, JR., AND JANIE J. JOHNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 1891-79.
United States Tax Court
T.C. Memo 1981-55; 1981 Tax Ct. Memo LEXIS 689; 41 T.C.M. (CCH) 849; T.C.M. (RIA) 81055; February 11, 1981. Janie J. Johnson, pro se. Arthur A. Oshiro, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined the following deficiencies in petitioners' Federal income tax for their taxable year 1975: Petitioner
Deficiency
William Johnson, Jr.
$ 1,689
Janie J. Johnson
1,689
Due to concessions, the issues *690 are: (1) whether petitioners actually sustained a casualty loss in 1975, the year in which a fire destroyed the contents of their home, or in 1978, when a lawsuit petitioners filed in 1975 was finally settled; and (2) if the loss was sustained in 1975, whether petitioners have adequately substantiated its amount. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. The petitioners were married and lived together in California during all of 1975. They filed separate returns for that year. At the time the petition herein was filed, they resided in Inglewood, California. On January 3, 1975, a fire occurred at the petitioners' home. The structure of the home was insured and the expenses of repairing it were paid by the insurer. The contents of the home were not insured. Following the fire, petitioner Janie J. Johnson prepared a detailed four-page list of the items that were destroyed and damaged, of their acquisition dates, and of their replacement costs, which she determined from painstaking inquiries of local merchants. Many of the items on the list *691 were not totally destroyed but were only damaged by smoke and were subsequently cleaned or otherwise repaired. In December of 1974, petitioners had taken their television set to B.C. Cohn Co. (Cohn) in order to have it repaired. It was returned to them shortly before the fire, after Cohn had performed some repair work on it. However, the petitioners were still dissatisfied with its performance and believed that the fire was caused by a defect in the set. Some time before May of 1975, petitioners retained the services of an attorney in order to recover damages for the loss of their home's contents. The suit was filed against Cohn and other defendants in May 1975. The attorney surveyed the burned home shortly after the fire and expressed considerable doubt as to the prospects of recovery, as the television set had been burned beyond recognition and hauled away for disposal. He stated that he would "just try" to secure a recovery. The lawsuit was settled in 1978 for $ 2,500, of which, after deducting attorney's fees and a payment to the insurer of the structure of petitioners' home, petitioners received $ 1,600 in July 1978. From the list prepared by petitioner Janie J. *692 Johnson, the petitioners calculated the replacement cost of damaged and destroyed items to be $ 26,309. The replacement cost of the items on the list which were totally destroyed was $ 10,813. The cost of repairing the damaged items was $ 1,347. Petitioners estimated the value of all items damaged or destroyed immediately before the fire to be $ 16,000. Petitioner Janie J. Johnson deducted one-half of this amount, $ 8,000, as a casualty loss. Petitioner William Johnson, Jr., deducted $ 10,837 of the $ 16,000 [1] as a casualty loss. The Commissioner disallowed the deductions in full. OPINION Issue 1. Year Loss Was Sustained
Section 165 of the Internal Revenue Code of 1954[2] provides: SEC. 165. LOSSES. (a) GENERAL RULE.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (c) LIMITATION ON LOSSES OF INDIVIDUALS.--In the case of an individual, the deduction under subsection (a) *693 shall be limited to-- (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $ 100. * * * Section 1.165-1(d) of the Income Tax Regulations provides: (d) Year of deduction. (1) A loss shall be allowed as a deduction under section 165(a) only for the taxable year in which the loss is sustained. For this purpose, a loss shall be treated as sustained during the taxable year in which the loss occurs as evidenced by closed and completed transactions and as fixed by identifiable events occurring in such taxable year. * * * (2) (i) If a casualty or other event occurs which may result in a loss and, in the year of such casualty or event, there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss *694 with respect to which reimbursement may be received is sustained, for purposes of section 165, until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Whether a reasonable prospect of recovery exists with respect to a claim for reimbursement of a loss is a question of fact to be determined upon an examination of all facts and circumstances. Whether or not such reimbursement will be received may be ascertained with reasonable certainty, for example, by a settlement of the claim, by an adjudication of the claim, or by an abandonment of the claim. * * * (ii) If in the year of the casualty or other event a portion of the loss is not covered by a claim for reimbursement with respect to which there is a reasonable prospect of recovery, then such portion of the loss is sustained during the taxable year in which the casualty or other event occurs. * * * (iii) If the taxpayer deducted a loss in accordance with the provisions of this paragraph and in a subsequent taxable year receives reimbursement for such loss, he does not recompute the tax for the taxable year in which the deduction was taken but includes the amount of such reimbursement *695 in his gross income for the taxable year in which received, subject to the provisions of section 111, relating to recovery of amounts previously deducted. In Ramsay Scarlett & Co., Inc. v. Commissioner,61 T.C. 795, 811-812 (1974), we stated that: A reasonable prospect of recovery exists when the taxpayer has bona fide claims for recoupment from third parties or otherwise, and when there is a substantial possibility that such claims will be decided in his favor. * * * The standard for making this determination is an objective one, under which this Court must determine what was a "reasonable expectation" as of the close of the taxable year for which the deduction is claimed. * * * The situation is not to be viewed through the eyes of the "incorrigible optimist," and hence, claims for recovery whose potential for success are remote or nebulous will not demand a postponement of the deduction. * * * The standard is no be applied by foresight, and hence, we do not look at facts whose existence and production for use in later proceedings was not reasonably foreseeable as of the close of the particular year. Nor does the fact of a future settlement or favorable judicial *696 action on the claim control our determination, if we find that as of the close of the particular year, no reasonable prospect of recovery existed. * * * Under the foregoing principles, we feel that the casualty loss was sustained in 1975, rather than 1978, as respondent argues. The prospects of recovery at the close of 1975 were very uncertain. The primary evidence (the television) had been hauled away and petitioners' attorney himself expressed doubt as to the chances of success. The suit was not settled until 1978 and then for only a fraction of the replacement costs of the items destroyed. Under these particular circumstances, we do not consider the prospects of ultimate recovery sufficient to mandate a postponement of the deduction until 1978. Issue 2. Substantiation of Casualty Loss
Section 1.165-7(b)(1), Income Tax Regs., provides: SEC. 1.165-7. CASUALTY LOSSES. (b) Amount deductible. (1) General rule. In the case of any casualty loss whether or not incurred in a trade or business or in any transaction entered into for profit, the amount of loss to be taken into account for the purposes of section 165(a) shall be the lesser of either-- (i) The amount *697 which is equal to the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty; or (ii) The amount of the adjusted basis prescribed in sec. 1.1011-1 for determining the loss from the sale or other disposition of the property involved. Thus, petitioners must establish the fair market value of the damaged or destroyed items before and after the fire as well as their adjusted basis. Respondent contends that they have failed to do so. However, we consider petitioner Janie J. Johnson's testimony honest and truthful and that in preparing the list she made a bona fide attempt to obtain realistic replacement costs. She also indicated on the list the approximate acquisition dates of the damaged and destroyed items. Most of the destroyed items had been acquired recently before the fire. We have no doubt that the value of these items immediately before the fire was less than their original acquisition cost. Of course, as to items which were only damaged, petitioners are entitled to treat only repair costs as part of the casualty loss. Thus, the deductions they claimed are clearly excessive. Although *698 the record is slim, it is clear that petitioners suffered a very significant casualty loss in 1975. In Cohan v. Commissioner,39 F.2d 540, 543-544 (2d Cir. 1930), the court stated: Absolute certainty in such matters is usually impossible and is not necessary; the Board should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making. But to allow nothing at all appears to us inconsistent with saying that something was spent. Using our best judgment, we approximate petitioners' casualty loss at $ 8,000, of which $ 4,000 is to be attributed to each.Thus, each is entitled to a casualty loss deduction of $ 3,900 for taxable year 1975. Decision will be entered under Rule 155.
Footnotes
1. Apparently on the assumption that his wife did not claim $ 2,837 of her share of the loss.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩